UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAN PEÑA | ) CIVIL ACTION NO.: |
| Plaintiff, | ) SECTION: |
| vs. | ) MAGISTRATE: |
| RAMELLI JANITORIAL SERVICE, INC. | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

# COMPLAINT

## INTRODUCTION

Plaintiff, Willian Peña, ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, Ramelli Janitorial Service, Inc., ("Defendant"), and states as follows:

## JURISDICTION

1.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, lost wages, front pay, compensatory damages, pre-judgment interest, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b). Plaintiff also invokes supplemental jurisdiction of this court over Plaintiff's state law claims against Defendant pursuant to 28 U.S.C. §1367, as the common law claims form part of the same case or controversy arising from violations of Louisiana state law.

## VENUE

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because it is where Defendant is subject to personal jurisdiction, where Defendant does business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be, a resident of Louisiana.

5. At all times material hereto Defendant, Ramelli Janitorial Service, Inc., was, and continues to be, a Louisiana company. Further, at all times material hereto, Defendant was, and continues to be, engaged in business in Orleans Parish, Louisiana.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

7. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

9. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

10. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

13. In approximately 2002 Defendant hired Plaintiff as a janitor. Plaintiff's duties primarily involved cleaning and general janitorial duties at the Union Passenger Terminal at the direction and control of Defendant, through its agents, managers, members, employees.

14. During almost each and every week in which Plaintiff worked for Defendant, he worked in excess of forty (40) hours within a workweek because his schedule consisted of at least 12 hour days, seven days per week. Plaintiff rarely, if ever, took vacation or sick days.

15. From the time of his initial employment and continuing through his resigning in approximately February of 2011, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

16. Plaintiff was paid in cash for straight time worked at an hourly rate of $10.00 per hour.

17. However, every other week Plaintiff would receive a receipt for his time such as the one attached hereto as Exhibit "A."

18. On said receipt Defendant would note that Plaintiff was required to pay back to

Defendant an amount of $36.00 which was characterized to him as a "check cashing fee."

19. Defendant preyed on Plaintiff's inability to speak English in illegally deducting this amount from his check and Defendant created in Plaintiff's mind the false belief that said deduction was a lawful and necessary requirement of his employment with Defendant which Plaintiff could not refuse.

20. Full documentation concerning the number of hours actually worked by Plaintiff and the compensation actually paid to the Plaintiff are in the possession and custody and control of Defendant.

21. Defendant has violated Title 29 U.S.C. §207 from 2002 and continuing through approximately February 2011 in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant has failed to maintain proper time records as mandated by the FLSA.

22. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## CAUSES OF ACTION

23. As a direct and proximate cause of the Defendant's acts, Plaintiff Willian Peña suffered the following, but not necessarily exclusive particulars:

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

24. Plaintiff re-alleges and re-avers paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. From at least 2002 and continuing through February of 2011 Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

26. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

27. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

28. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was and is due.

29. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

30. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

31. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

32. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by virtue of the

5

management policy, plan or decision that intentionally provided for the compensation of Plaintiff as if it were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that it was not exempt.

## COUNT II
## VIOLATION OF LOUISIAN STATE LAW

33. Plaintiff re-alleges and re-avers paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. All or some of the Defendant's actions as set forth above with regard to the $36.00 per pay period deduction from Plaintiff's wages were a direct violation of the FLSA's prohibition on profiting from unlawful deductions from pay and the FLSA's "kickback" provisions.

35. Because Defendant has committed violations against Plaintiff by use of fraud, duress, deceipt and extortion, and specifically by preying on Plaintiff's inability to read and speak English, it is liable unto Plaintiff for damages related to fraud and breach of contract or in the alternative for unjust enrichment.

## ATTORNEY'S FEES

36. Plaintiff has retained the law firm of J. Forester Jackson, LLC to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## CONSENT

37. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "B".

## JURY DEMAND

38. Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due him for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding damages for fraud, breach of contract or unjust enrichment;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

f. Awarding Plaintiff pre-judgment interest.

Respectfully Submitted,

**J. FORESTER JACKSON, L.L.C.**

/s/ Jody Forester Jackson
JODY FORESTER JACKSON (#28938), TA
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
Attorney for Plaintiff
Willian Peña

**PLAINTIFF WILL REQUEST WAIVER OF SERVICE BY DEFENDANT**