UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAN PEÑA<br><br>    Plaintiff,<br><br>vs.<br><br>RAMELLI JANITORIAL SERVICE, INC.<br><br>    Defendant. | CIVIL ACTION NO.: 11-1341<br><br>SECTION: F<br><br>MAGISTRATE: 2<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

### INTRODUCTION

Plaintiff, Willian Peña, ("Plaintiff"), by and through undersigned counsel, files this First Amended and Supplemental Complaint against Defendants, Ramelli Janitorial Service, Inc., ("Ramelli"), and Chee Woon Duck d/b/a Prestige Janitorial Services ("Duck") (collectively "Defendants").  Although Plaintiff filed his Complaint on June 6. 2011, no party has filed an Answer or other responsive pleadings in this action, Ramelli has waived service of the original Complaint, and thus Plaintiff brings this First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

### JURISDICTION

1.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair

Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, lost wages, front pay, compensatory damages, pre-judgment interest, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b). Plaintiff also invokes supplemental jurisdiction of this court over Plaintiff's state law claims against Defendant pursuant to 28 U.S.C. §1367, as the common law claims form part of the same case or controversy arising from violations of Louisiana state law.

## VENUE

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because it is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be, a resident of Louisiana.

5. At all times material hereto Defendant, Ramelli Janitorial Service, Inc., was, and continues to be, a Louisiana company. Further, at all times material hereto, Defendant was, and continues to be, engaged in business in Orleans Parish, Louisiana.

6. At all times material hereto Defendant, Chee Woon Duck d/b/a Prestige Janitorial Services was a resident of Jefferson Parish and was engaged in business in Orleans Parish, Louisiana.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for

commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendants Ramelli and Duck within the meaning of FLSA.

10. At all times material hereto, Defendants were "employers" within the meaning of FLSA. Specifically, Defendants were "joint employers" of Plaintiff under the FLSA at all times material hereto.

11. At all times material hereto, Defendants were "enterprises engaged in commerce" within the meaning of FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants Ramelli and Duck was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

14. Defendant Ramelli provides janitorial services for various entities around the Greater New Orleans area.

15. Defendant Ramelli retained Duck, via his business, Prestige Janitorial Services, to primarily supervise and coordinate the provision of janitorial services for Ramelli's clients.

16. Although Defendant Duck supervised the janitorial employees, at all material times hereto, Defendant Ramelli retained responsibility for paying the employees who performed the janitorial services, and on occasion, also directly supervised and controlled Plaintiff.

17. In approximately 2002 Defendants hired Plaintiff as a janitor. Plaintiff's duties primarily involved cleaning and general janitorial duties at the Union Passenger Terminal at the

direction and control of Defendant, through its agents, managers, members, and employees.

18.  While Plaintiff performed services for Defendants, he was required to wear shirts bearing the name "Ramelli" and he was required to go to Ramelli's headquarters to pick up his pay.

19.  During almost each and every week in which Plaintiff worked for Defendants, he worked in excess of forty (40) hours within a workweek because his schedule consisted of at least 12 hour days, seven days per week.  Plaintiff rarely, if ever, took vacation or sick days.

20.  From the time of his initial employment and continuing through his resigning in approximately February of 2011, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

21.  Plaintiff was paid in cash for straight time worked at an hourly rate of $10.00 per hour.

22.  However, every other week Plaintiff would receive a receipt for his time such as the one attached hereto as Exhibit "A."

23.  Each of these receipts bore the name "Ramelli" and Plaintiff picked up his receipts at Ramelli's headquarters.

24.  On these receipts was a note that Plaintiff was required to pay back to Defendants an amount of $36.00 which was characterized to him as a "check cashing fee."

25.  Defendants preyed on Plaintiff's inability to speak English in illegally deducting this amount from his check and Defendants created in Plaintiff's mind the false belief that said deduction was a lawful and necessary requirement of his employment with Defendants, which

Plaintiff could not refuse.

26. Full documentation concerning the number of hours actually worked by Plaintiff and the compensation actually paid to the Plaintiff are in the possession and custody and control of Defendants Ramelli and Duck.

27. Defendants Ramelli and Duck have violated Title 29 U.S.C. §207 from 2002 and continuing through approximately February 2011 in that:

a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

c. Defendants have failed to maintain proper time records as mandated by the FLSA.

28. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

### CAUSES OF ACTION

29. As a direct and proximate cause of the Defendants' acts, Plaintiff Willian Peña suffered the following, but not necessarily exclusive particulars:

### COUNT I
### VIOLATION OF 29 U.S.C. §207
### OVERTIME COMPENSATION

30. Plaintiff re-alleges and re-avers paragraphs 1 through 29 of the First Amended and Supplemental Complaint as if fully set forth herein.

31. From at least 2002 and continuing through February of 2011 Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

34. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was and is due.

35. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

38. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by virtue of the management policy, plan or decision that intentionally provided for the compensation of Plaintiff as if it were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

## COUNT II
## VIOLATION OF LOUISIANA STATE LAW

39. Plaintiff re-alleges and re-avers paragraphs 1 through 38 of the First Amended and Supplemental Complaint as if fully set forth herein.

40. All or some of the Defendants' actions as set forth above with regard to the $36.00 per pay period deduction from Plaintiff's wages were a direct violation of the FLSA's prohibition on profiting from unlawful deductions from pay and the FLSA's "kickback" provisions.

41. Because Defendants have committed violations against Plaintiff by use of fraud, duress, deceit and extortion, and specifically by preying on Plaintiff's inability to read and speak English, it is liable unto Plaintiff for damages related to fraud and breach of contract or in the alternative for unjust enrichment.

## ATTORNEY'S FEES

42. Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## JURY DEMAND

43. Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants Ramelli and Duck:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.    Awarding Plaintiff overtime compensation in the amount due him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Awarding damages for fraud, breach of contract or unjust enrichment;

    e.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    f.    Awarding Plaintiff pre-judgment interest.

Respectfully Submitted,

/s/ Jody Forester Jackson
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net
Attorneys for Plaintiff,
Willian Peña

## CERTIFICATE OF SERVICE

Plaintiff will request waiver of service from Defendant Chee Woon Duck d/b/a Prestige Janitorial Services and will serve Defendant Ramelli Janitorial Services via facsimile transmission.

This 17th day of December 2011.

/s/ Jody Forester Jackson